UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA

    -against-

KAREEM QUATTLEBAUM,

              Defendant.
-----------------------------------------------------------X

**MEMORANDUM & ORDER**

00 CR 1108-03 (RJD)

DEARIE, District Judge.

Defendant Kareem Quattlebaum moves *pro se* for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). The motion implicates a pair of recent amendments to the United States Sentencing Guidelines ("USSG"). In 2007, the Sentencing Commission reduced by two levels each of the base offense levels associated with certain quantities of crack cocaine. See USSG App. to Supp. C, amend. 706 (effective Nov. 1, 2007) and amend. 713 (making amend. 706 retroactive, effective Mar. 3, 2008); USSG § 1B1.10(c). Then in 2010, following Congress's passage of the Fair Sentencing Act, which reduced the 100:1 powder/crack cocaine sentencing disparity to 18:1, the Sentencing Commission again amended the Guidelines applicable to crack cocaine by raising the quantities of crack required to trigger each base offense level. See USSG App. to Supp. C, amend. 750 (effective Nov. 1, 2010, made permanent Apr. 6, 2011, and made retroactive Nov. 1, 2011); see also Pub. L. No. 111-220, 124 Stat. 2372 (2010).

Because the recent amendments do not lower the Guideline range applicable to defendant, however, he is ineligible for a sentence reduction at present. Therefore, his motion is denied.

## I. BACKGROUND

On August 8, 2002, Quattlebaum pleaded guilty to a three-count superseding information charging him with conspiracy to murder in aid of racketeering activity, conspiracy to assault with

a dangerous weapon in aid of racketeering activity, and conspiracy to distribute and possess with intent to distribute cocaine base. See Presentence Investigation Report ("PSR"), dated January 22, 2003, at ¶ 1. For Count 3, the base offense level was set pursuant to Section 2D1.1 of the Guidelines, which directs that if a victim was killed during the course of a conspiracy, Section 2A1.1, First Degree Murder, should be applied instead of Section 2D1.1. Accordingly, Quattlebaum's Guideline range was life, based on an offense level of 46 and a criminal history category of I. See PSR ¶ 75. He was sentenced to 216 months imprisonment, based on the maximum consecutive sentences for each count in the information. Id.

On October 28, 2009, this Court denied Quattlebaum's petition for a sentence reduction under the 2007 amendments. See ECF Docket # 313, Order Denying Motion to Reduce Sentence. For the same reasons, we must deny the instant petition.

## II. DISCUSSION

"The Supreme Court . . . [has] explained that § 3582(c)(2) permits a 'limited adjustment to an otherwise final sentence' . . . and set forth a 'two-step inquiry' for resolving motions for a reduction in sentence pursuant to this provision." United States v. Mock, 612 F.3d 133, 136-37 (2d Cir. 2010) (quoting Dillon v. United States, 130 S. Ct. 2683, 2690-91 (2010)). "First, the defendant in question must be *eligible* for a reduction in sentence." Id. at 137 (emphasis in original). To be eligible for a reduction, a defendant's sentence must be "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and "such a reduction [must be] consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); see Dillon, 130 S. Ct. at 2691 (holding that, in sentence modification proceedings based upon the crack cocaine amendments, § 1B1.10 conclusively and *mandatorily* "determines [a] prisoner's eligibility for a sentence modification and the extent of the reduction

authorized"). "If, and only if, a defendant is eligible for a reduction in sentence under" these provisions, then a district court may "'consider any applicable § 3553(a) factors and determine whether'" a reduction is warranted. Mock, 612 F.3d at 137 (quoting Dillon, 130 S. Ct. at 2692).

As we noted in our previous Order, Quattlebaum's Guideline sentence was not based on the amount of crack involved in his case, but rather on his involvement in a murder. See ECF Docket # 313, Order Denying Motion to Reduce Sentence; PSR ¶ 21-50. We appreciate Mr. Quattlebaum's arguments regarding his commitment to self- improvement though education, his adherence to prison regulations, and his concerted efforts to maintain strong relationships with his family while incarcerated. However, because he is not eligible for a reduction in sentence, we do not reach the analysis of § 3553(a) factors.

For the reasons stated above, defendant's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) is denied.

SO ORDERED.

Dated: Brooklyn, New York
       March 5, 2013

/s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge